UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80053-CR-ROSENBERG/REINHART

UNITED STATES OF AMERICA )
)
v. )
)
ALSTON ORLANDO LEROY WILLIAMS,)
)
Defendant. )
_____ )

**GOVERNMENT'S 1st RESPONSE TO
THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16.

A. 1. An audio & video recording of statements made by the defendant is included as an attachment to this discovery response on DVD #2 as indicated below.

2. Attached is the portion of the written record containing the substance of any oral statement made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent.

3. No defendant testified before the Grand Jury.

4. The defendant's prior criminal record is attached.

5. Books, papers, documents, data, photographs, tangible objects, buildings or places, within the government's possession, custody or control, which are material to the preparation of the defendant's defense, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, may be inspected at a mutually convenient time at: the Office of the United States Attorney, 500 A. Australian Ave., West Palm Beach, Florida, Suite 400. Please call the undersigned within 48 hours if you intend to review the evidence to set up a date and time that is convenient to both parties.

>   The attachments to this discovery response are not necessarily copies of all the books, papers, documents, data, etc., that the government may intend to introduce at trial. Please see Bates numbered pages 00001 – 01707 including redacted police reports, business records, photographs, search warrants and affidavits, NCIC, and property records of physical items in evidence.
>
>   Items to be previewed that are not being produced include the extraction of the twenty-nine (29) digital devices noted within the property receipts, and two hundred ninety-nine (299) pages of records from Backpage.com.

6.  There were no physical or mental examinations or scientific tests or experiments made in connection with this case.

B.  DEMAND FOR RECIPROCAL DISCOVERY: Pursuant to the Standing Discovery Order, the United States requests the disclosure and production of materials listed in Section (b) of Local Rule 88.10. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.  The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976).

D.  The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of Giglio v. United States, 405 U.S. 150 (1972), or Napue v. Illinois, 360 U.S. 264 (1959).

E.  The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.  No defendant was identified in a lineup, show up, photo array or similar identification proceedings.

G.  The government has advised its agents and officers involved in this case to preserve all rough notes.

H.  The government will timely advise the defendant of its intent, if any, to introduce at trial extrinsic act evidence pursuant to F.R.E. 404(b). Pursuant to Local Rule 88.10, the notice will be provided regardless of whether the evidence may be used in the case-in-chief, for impeachment or possible rebuttal, and will include the general nature of the evidence.

        You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine).

        In addition, the government may introduce under Rule 404(b) evidence underlying the defendant's past criminal activity that has resulted in arrests and/or convictions and which is summarized in the attached court documents and can be found within Bates Numbers 00080 – 00117.

I.      The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any relevant electronic surveillance that was authorized pursuant to 18 U.S.C. §2516 and 18 U.S.C §2518 and that has been unsealed in accordance with 18 U.S.C §2518.

J.      The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.      No contraband is involved in this indictment.

L.      The government is aware of a automobile allegedly used in the commission of this offense that is in the government's possession.

        If you wish to inspect the 2007 Honda Odyssey (VIN: 5FNRL38897B061370) used in the commission of the offense charged, please contact the undersigned.

        Security requirements mandate strict compliance with the procedures established for the granting of access for inspection of seized vehicles.

        Accordingly, the United States Attorney's Office cannot process last-minute requests for inspection. In order to meet security requirements, all requests to inspect seized automobiles must be received by the AUSA handling the case on or before fifteen (15) days from the date of this Response to the Standing Discovery Order.

        If you anticipate that this deadline may create a problem for you or your client, please promptly send written notice to the appropriate AUSA.

M.     The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.     The government will make every possible effort in good faith to stipulate to

all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

The government hereby requests that the defense stipulate to the following facts:

1. The bank, Internet, and transaction records provided in discovery with Bates Numbers listed below, are true copies of business records of the following businesses:

   | Business Entity | Business Record Cert. Included | Bates Numbers |
   | --- | --- | --- |
   | The Bancorp | Yes | 00558 – 00706 |
   | Confide | Yes | 00707 – 00712 |
   | Life360 | Yes | 00713 – 00719 |
   | MetaBank | Yes | 00720 – 00725 |
   | Navy Federal | Yes | 00726 – 00875 |
   | NetSpend | Yes | 00876 – 00914 |
   | RedRoof Inn | No | 00915 – 00927 |
   | TD Bank | Yes | 00928 – 00970 |
   | Western Union | Yes | 00971 – 01005 |
   | Wichr | Yes | 01006 – 01009 |
   | MoneyGram | Yes | 01010 – 01276 |

   The records were made at or near the time of the transaction by, or from information transmitted by, a person with knowledge of that transaction; the records were kept in the course of a regularly conducted activity of a business, organization, occupation, or calling; and making the record was a regular practice of that activity.

2. The firearms seized from the defendant's residence during the execution of a search warrant are "firearms" as that term is defined in Title 18, United States Code, Section 921(a)(3), that is, it is a weapon which is designed to, or may readily be converted to, expel a projectile by the action of an explosive.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

The attachments to this response are included on two DVD's. The first DVD, labeled "US

4

v. Williams, 18-CR-80053-Rosenberg, RSDO-1, Disk 1" includes:
1) a folder entitled "Video CD" that contains video surveillance from TD Bank; and
2) four (4) PDF documents entitled:
    a. US v. Alston Williams, 18-CR-80053-Rosenberg, Bates Numbers 00001 – 01276,
    b. US v. Alston Williams, 18-CR-80053-Rosenberg, Bates Numbers 01277 – 01393;
    c. US v. Alston Williams, 18-CR-80053-Rosenberg, Bates Numbers 01394 – 01510;
    d. US v. Alston Williams, 18-CR-80053-Rosenberg, Bates Numbers 01511 – 01627;

The second DVD, labeled "US v. Williams, 18-CR-80053-Rosenberg, RSDO-1, Disk 2" includes a folder that contains the video recorded interview of the defendant, and one (1) PDF document entitled, "US v. Alston Williams, 18-CR-80053-Rosenberg, Bates Numbers 01628 – 01707."

Please note that many of these documents are redacted to protect the name and identity of victims and witnesses in this case. Where indicated, the letter "R" represents Victim 2 as identified in the Indictment, and the letter "G" represents Victim 3 as identified in the Indictment.

Please contact the undersigned Assistant United States Attorney if any pages are missing.

Respectfully submitted,

BENJAMIN G. GREENBERG
UNITED STATES ATTORNEY

By:  *s/Gregory Schiller*
Gregory Schiller
Assistant United States Attorney
Florida Bar No. 0648477
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33401
Tel: (561) 209-1045
Email: gregory.schiller@usdoj.gov

5

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on April 10, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the attached Service List in the manner specified.

                                                   *s/Gregory Schiller*
                                                   Gregory Schiller
                                                   Assistant United States Attorney

## SERVICE LIST
United States v. Alston Orlando Leroy Williams
Case No. 18-80053-CR-ROSENBERG/REINHART
United States District Court
Southern District of Florida

| Party | Counsel |
|---|---|
| Plaintiff:<br>United States | Gregory Schiller<br>Assistant United States Attorney<br>500 S. Australian Ave., Suite 400<br>West Palm Beach, FL 33401<br>Email: gregory.schiller@usdoj.gov<br>**via Notice of Electronic Filing generated by CM/ECF** |
| Defendant:<br>Alston Orlando Leroy Williams | Fletcher Peacock<br>Assistant Federal Public Defender<br>Florida Bar No. 441996<br>109 North Second Street<br>Fort Pierce, Florida 34950<br>E-Mail: Fletcher_Peacock@fd.org<br>**via Notice of Electronic Filing generated by CM/ECF** |