**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF FLORIDA**

Case No. <u>18-CR-80053-ROSENBERG</u>

**UNITED STATES OF AMERICA**

vs.

**ALSTON ORLANDO LEROY WILLIAMS,**

         **Defendant.**

                                      /

**UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

The United States of America, by and through the undersigned counsel, hereby files its Response to Defendant's Motion for a Bill of Particulars (DE 47). The Superseding Indictment and discovery in this case are sufficient to put the defendant on notice of the charges against him, allow him to prepare for trial, and enable him to plead double jeopardy in the event of a later prosecution for the same offense. Therefore, the Motion for a Bill of Particulars should be denied.

**I.    The Law on Bills of Particulars**

Federal Rule of Criminal Procedure 7(f) provides that:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

The law surrounding bill of particulars motions is well established. "The purpose of a true bill of particulars is threefold: 'to inform the defendant of the charge against him with sufficient precision to allow him to prepare his defense, to minimize surprise at trial, and to enable him to

plead double jeopardy in the event of a later prosecution for the same offense.'" *United States v. Anderson*, 799 F.2d 1438, 1441 (11th Cir. 1986) (quoting *United States v. Cole*, 755 F.2d 748, 760 (11th Cir.1985)); *United States v. Warren*, 772 F.2d 827, 837 (11th Cir. 1985); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir.1978) (explaining that the "purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy").

It is also axiomatic, however, that "the purpose [of a bill of particulars] is *not* to provide detailed disclosure before trial of the Government's evidence." *United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977) (affirming denial of defendant's bill of particulars request because it "went well beyond the information necessary to enable him to prepare for trial and to avoid surprise") (emphasis added). "A bill of particulars, properly viewed, supplements an indictment by providing the defendant with information *necessary* for trial preparation. Generalized discovery, however, is not an appropriate function of a bill of particulars and is not a proper purpose in seeking the bill." *Anderson*, 799 F.2d at 1441 (emphasis in the original) (citing *United States v. Colson*, 662 F.2d 1389, 1391 (11th Cir.1981)) ("[t]o allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule"); *Davis*, 582 F.2d at 951 ("it is well established that generalized discovery is not a permissible goal of a bill of particulars"); *Overton v. United States*, 403 F.2d 444, 446 (5th Cir. 1968) ("it is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial"); *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (a bill of particulars "may not be used to obtain a detailed disclosure of the government's evidence prior to trial") (citing *United States v. Perez*, 489 F.2d 51, 70-71 (5th Cir. 1973)).

Further, "[b]ecause a bill of particulars confines the government's proof to the particulars

furnished, requests for bills of particulars should not be granted where the consequence of granting the request would be to restrict unduly the government's ability to present its case." *United States v. Massino*, 605 F. Supp. 1565, 1582 (S.D.N.Y. 1985), *rev'd on other grounds*, 784 F.2d 153 (2d Cir. 1986) (citing *United States v. Glaze*, 313 F.2d 757, 759 (2d Cir.1963)); *United States v. Smith*, 776 F.2d 1104, 111 (3d Cir. 1985) (noting that "a bill of particulars, like the indictment, is designed to define and limit the government's case" and "[a]s with the indictment, there can be no variance between the notice given in a bill of particulars and the evidence at trial").

It is equally fundamental that "a defendant is not entitled to a bill of particulars 'with respect to information which is already available through other sources.'" *United States v. Martell*, 906 F.2d 555, 558 (11th Cir. 1990) (quoting *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986)); *United States v. Walsh*, 194 F.3d 37, 47 (2d Cir. 1999) ("a bill of particulars is not necessary where the government has made sufficient disclosures concerning its evidence and witnesses by other means"); *United States v. Butler*, 822 F.2d 1191, 1193 (D.C. Cir. 1987) ("if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required"); *United States v. Sullivan*, 421 F.2d 676, 677 (5th Cir. 1970). It is also "not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980).

Whether to grant a motion for a bill of particulars "rests within the sound discretion of the trial court." *United States v. Draine*, 811 F.2d 1419, 1421 (11th Cir. 1987). "[R]efusal by a court to grant a bill of particulars is reversible error only if it can be shown that the defendant was actually surprised at trial and thereby suffered prejudice to his substantial rights." *Knight v. Dugger*, 863 F.2d 705 (11th Cir. 1998) (citing *United States v. Cole*, 755 F.2d 748 (11th Cir.1985) and *United States v. Williams*, 679 F.2d 504, 510 (5th Cir. 1982)). This Circuit has applied these principles

to deny bills of particulars. *See, e.g.*, *Draine*, 811 F.2d at 1421 (affirming denial of bill of particulars even though the indictment "could have been more specific" when it listed the defendant's codefendants, gave notice of the elements, and provided discovery).

## II. A Bill of Particulars is Not Warranted in this Case

The United States respectfully submits that the Superseding Indictment and the above-and-beyond nature of the discovery provided by the government in this case have informed the defendant of the charges against him with sufficient precision to allow him to prepare his defenses, to minimize surprise at trial, and to enable him to plead double jeopardy in the event of a later prosecution for the same offenses. *See Anderson* at 1441, *citing United States v. Cole*, 755 F.2d 748, 760-61 (11th Cir. 1985). In this case, the Superseding Indictment itself tracks the language of the statutes charged, an important factor in the Court's consideration. *Id*. An indictment is sufficient under the Constitution and Federal Rule of Criminal Procedure 7(c)(1) to notify the defendant of the charges against him if it tracks the language of the statute. *United States v. Adkinson*, 135 F.3d 1363, 1375 n.37 (11th Cir. 1998) ("An indictment need do little more than track the language of the statute charged to be sufficient."); *United States v. Ramos*, 666 F.2d 469, 474 (11th Cir. 1982) ("It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." (*quoting Hamling v. United States*, 418 U.S. 87, 117 (1942)). The Indictment here does just that.

The Indictment puts the defendant on notice that he is charged with violating eleven (11) federal statutes. These are clearly listed in the Indictment, which track the language and includes all of the essential elements of the statutes charged.

The defense seeks, through this motion, to have the government provide a roadmap for its

entire case. The defense requests to know which mean(s) and method(s) were used to commit the human and labor trafficking for each count (counts 1-10), as well as the acts that constitute the date range provided in the indictment for those counts. For count one, and presumably count nine, although it was not requested in the motion, the defense seeks to know whether the government will seek to prove the defendant's knowledge of the minor-victim's age. Further, the defense requests the method the government is alleging by which the defendant obstructed the human trafficking investigation, when it occurred, and how he committed this crime. "[G]eneralized discovery is not a proper purpose in seeking a bill of particulars." *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978).[1]  "[T]he Government is entitled to allege multiple means of committing an offense…[The Government] did so, clearly informing Defendant of the allegation that he used force, threats of force, coercion and fraud to induce the alleged acts of prostitution. Defendant's demand for further explanation or particularization of how the Government believed he did these things is tantamount to a demand for the Government's evidence, which is not the proper subject of a bill of particulars." *United States v. Robinson*, No. 1:14-CR-0176-RWS, 2014 WL 6667018, at *8 (N.D. Ga. Nov. 24, 2014), cited by *United States v. Obie & Dubose*, No. 1:18-CR-007-ODE-JKL, 2018 WL 4896726, at *4 (N.D. Ga. Oct. 9, 2018) noting that the "Defendant does not cite any cases in which a defendant's similar request for a similar bill of particulars was granted." The government's Superseding Indictment identifies the proposed means, method and times of the human trafficking and obstruction charges in this case.

     Rule 7(f) is not a discovery device; it cannot be used as a way to get a neat and organized list of the evidence the government intends to introduce at trial. *See Burgin*, at 1359. The defense

---

[1] Similar motions have been denied. *See United States v. Black*, Order Denying Motion for bill of Particulars, 2015 WL 13427809 (NDFL 2015);

has received extensive discovery in this case – far beyond the narrower requirements of Rule 16 and *Brady*. In addition, the government has offered, through multiple discovery filings, the opportunity for defense counsel to participate in a discovery conference and view the physical evidence, including cellular phones, paper material, firearms, a baton, pliers, credit and debit cards, identification records and many other items. To date, the defense has not proposed dates for this to occur.

Finally, a bill of particulars is inappropriate when the government supplements an indictment with extensive discovery, as it has done here. *See United States v. SIGMA*, 624 F.2d 461, 466 (4th Cir. 1979), *cert. denied*, 449 U.S. 1078 (1981). In this case, the voluminous discovery already provided, in four separate filings (DE 15, 28, 43, and 48) gives the defendant sufficient information from which to prepare his defense and to plead double jeopardy. The more than 2700 pages of documents provided to the defendants includeS: (1) FBI 302 interview reports; (2) bank, money wiring, website, internet and phone records; and (3) photographs. Additionally, the government has provided the following, in un-redacted form: the digital forensic extractions from sixty-three (63) phones, computers, and other digital devices; and the fourteen (14) recorded interviews of the victims and witnesses. The government has provided a multitude of police reports from previous law enforcement encounters with the victims and the defendant. Moreover, the government has supplied the defense copies of the various search warrant affidavits authored in this case, which provide a detailed summary of the evidence for many of the charges.

As a result of the discovery provided, much of the information the defense seeks is already available for their review. Where discovery has been provided, and the information that the defendant seeks through a bill of particulars has also been provided, as it has in this case, the Eleventh Circuit, and the district courts in this Circuit, have made clear that a bill of particulars is

inappropriate. *See, e.g., Martell*, 906 F.2d at 558 ("Furthermore, a defendant is not entitled to a bill of particulars with respect to information which is already available through other sources." (quotation omitted)); *United States v. Rosenthal*, 793 F.2d 1214, 1227 (11th Cir. 1986); ("Nor is the defendant entitled to a bill of particulars with respect to information which is already available through other sources such as the indictment or discovery and inspection."); *Anderson*, 799 F.2d at 1442 ("To allow the bill of particulars to serve as a wholesale discovery device would actually frustrate the federal discovery rule."); *United States v. Dean*, 606 F. Supp. 2d 1335, 1339 (M.D. Ala. 2009) ("A bill of particulars is not required if the information the defendant seeks has been provided by other sources.").

Indeed, other courts have denied similar requests in sex trafficking cases, on the grounds that such requests are not the proper subject of a motion for a bill of particulars. *See, e.g., United States v. Rivera*, No. 09-CR-619, 2011 WL 1429125, at *8 (E.D.N.Y. April 13, 2011) (concluding that defendant's demands for "evidentiary details and the precise nature of the evidence the government intends to offer at trial, *e.g.*, specific names, conduct and dates and times of that conduct; whether the government intends to prove that [defendant] was a principal or aider/abettor in the offense charged; and specifics regarding the force, threats of force, serious harm, threats of serious harm, abuse of legal process, threatened abuse of legal process, fraud, coercion or scheme involved" were beyond the scope of a bill of particulars); *United States v. Paris*, No. 06-CR-0064, 2007 WL 1158117, at *2 (D.Conn. April 18, 2007) (concluding that defendant is not entitled to a bill of particulars "of the alleged force, fraud and coercion" engaged in by defendant or "specific instances of allegedly actionable conduct"). Williams does not and cannot cite any legal authority establishing his entitlement to a bill of particulars detailing the which manner or means in which the government will prove that he committed any of the charged counts of the superseding indictment. The government is not required to provide such a

roadmap for the defense, and an indictment need not read like an insurance policy that Delay can use to limit the government's ability to prove its case at trial.

Here, the defendant is on notice of the charges against him, and unlike in many cases, have been essentially provided with the government's theory of the case through the voluminous discovery and search warrant affidavits.  Other than what is provided in this response, the majority of the defendant's motion is nothing more than an attempt to obtain detailed information regarding how the government intends to prove its case at trial. This is not a proper purpose for a bill of particulars. *See Cole*, 755 F.2d at 760-61; *United States v. Roberts*, 174 Fed. Appx. 475, 477 (11th Cir. 2006).

### III.   Conclusion

Wherefore, the government respectfully request that the defense joint motion for a bill of particulars should be denied.

Respectfully submitted,

ARIANA FAJARDO ORSHAM
UNITED STATES ATTORNEY

By: *s/ Gregory Schiller*
Gregory Schiller
Assistant United States Attorney
Court ID No. A5501906
500 South Australian Avenue Suite 400
West Palm Beach, Florida 33401
(561) 209-1045
Gregory.Schiller@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was electronically filed with the Court's CM/ECF system on October 12, 2018.

By: *s/ Gregory Schiller*
Assistant United States Attorney
