UNITED STATES DISTRICT COURT SOUTHERN
DISTRICT OF FLORIDA
Case No. **18-CR-80053-ROSENBERG**

UNITED STATES OF AMERICA

vs.

ALSTON ORLANDO LEROY WILLIAMS,

   Defendant.
_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S
SPECIFIC DEMAND FOR DISCOVERY**

The United States of America, by and through the undersigned counsel, hereby files its Response to Defendant's Specific Demand for Discovery (DE 46). The Defendant has filed eleven (11) specific demands, for which the government will respond to each individually.

It is beyond dispute that there is no general right to discovery in a criminal case. *Arizona v. Youngblood*, 488 U.S. 51, 55 (1988); *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977); *United States v. Agurs*, 427 U.S. 97, 109 (1976); *Moore v. Illinois*, 408 U.S. 786, 795 (1972); *United States v. Quinn*, 123 F.3d 1415, 1421 (11th Cir. 1997). Other than the obligations imposed on the United States by Rule 16(a) (1), the Jencks Act, and the *Brady/Giglio* line of cases, the defendants have no further right to discovery.

A defendant may not use discovery to probe the strength of the government's case before trial. *United States v. White*, 450 F.2d 264, 268 (5th Cir. 1971); *United States v. Schaffer*, 221 F. 2d 17, 19 (5th Cir.1955). Defense counsel is not entitled to review government files in search of materials that are arguably discoverable. *Pennsylvania v. Ritchie*, 480 U.S. 39 (1987). Nor does the government have to deliver its file to the defense:

> If everything that might influence a jury must be disclosed, the only way a prosecutor could discharge his constitutional duty would be to allow complete

>discovery of his files as a matter of routine practice. Whether or not procedural rules authorizing such broad discovery might be desirable, the Constitution surely does not demand that much.

*United States v. Jordan*, 316 F.3d 1215, 1252 (11th Cir. 2003), *citing Augurs*, 427 U.S. at 109.

A recent decision by the Eleventh Circuit Court of Appeals reversed the District Court for ordering discovery beyond that provided by law. *Jordan*, 316 F.3d at 1215. There, the court noted that the government "gave the defense access to far more information and materials than the law required" and was very critical of the trial court's decision to allow defense counsel to essentially run roughshod through the government's file. *Id*. at 1253-54. The Court of Appeals went out of its way to express disapproval for defense discovery requests that exceeded the four corners of Rule 16:

>Whatever their defense may have been, the defendants needed far more help than the Government's Rule 16(a) discovery provided; hence their blanket demands for everything the Government, the Alabama Attorney General's office, and anyone else who had investigated the case may have uncovered. They were obviously searching for anything that might persuade a jury to acquit. [Footnote omitted]. In sum, the defendants' discovery requests went far beyond what the law, as we have expounded it, requires.

*Id*. at 1254.

**I.      Request for False Statements and Dishonesty by Government Witnesses**

The Government respectfully responds that any and all false or dishonest statements provided by government witnesses are provided within the reports and statements already provided to the defense in discovery. Moreover, the government is aware of its continued responsibility to provide said material to the defense. Should any statements or reports be generated between the filing of this response and trial, to include false statements or dishonesty, the government will provide those to the defense, forthwith.

**II.     Request for Diagnoses of Mental Illness or Disease of Government Witnesses**

The Government respectfully responds that it is unaware through any of its witnesses or agents of any diagnoses of mental illness or disease of any government witness who may be called at trial.

### III.     Request for Instances of Psychotropic Drug Use

The Government respectfully responds that it is aware that D.L. was provided the psychotropic drug cocaine from clients of her forced prostitution activity on several occasions. The government is unable to provide date(s) of use. During a recent interview, she provided such information, which, upon completion, will be provided to the defense in the form of an FBI report. Further, the government is aware, that several of the victims used marijuana (without a prescription) at some point during the time of their victimization, but is unable to ascertain the dosage or date of use. Said information is contained within the reports provided in discovery and when more specific information becomes available, will be provided to the defense.

### IV.     Request Favorable Treatment in this Case or Any Other Criminal Case

The Government respectfully responds that it is aware of certain benefits government victims have received from non-governmental organizations including transportation and financial support. Said information is being compiled and will be provided upon its completion.

### V.     Request for Civil Favorable Treatment or Benefit, Including Immigration

The Government respectfully responds that it is unaware of any civil favorable treatment or benefit, including immigration, promised or rendered to any witness the government anticipates calling at trial. The government has not made any such promise to any witness the government anticipates calling at trial. Regarding Victim TL, while in custody on an immigration detainer, government agents advised Immigration and Customs Enforcement (ICE), Enforcement and Removal Operations (ERO) of there request to speak with TL; after said interview, which has been

provided to the defense in discovery, her potential status as a victim of human trafficking was made known to ERO. The government made no request, promises or offered any benefit to ERO or TL, regarding her cooperation in any case against Alston Williams.

## VI. Request for Travel Outside Palm Beach or Broward Counties by Alleged Victims

The Government respectfully responds that any and all travel outside Palm Beach or Broward Counties by any alleged victim during the dates of the superseding indictment, if known to the government or its agents, has been provided within the reports and statements already produced to the defense in discovery. The government will continue to supply such information should it become known to the government.

## VII. Request for Copies of any Victim's Passports Reflecting International Travel

The Government respectfully responds that it has provided photographs, reports and evidence logs of any and all physical evidence within its possession, including passports, in discovery. Any such evidence is within the care, custody and control of the Federal Bureau of Investigation. The government has provided the defense, and continues to provide, ample notice and opportunity to inspect said evidence upon making an appointment with the undersigned Assistant United States Attorney and agents of the Federal Bureau of Investigation.

## VIII. Victim's Personal Expenditures Exceeding $200

The Government respectfully responds that if evidence of personal expenditures exceeding $200 by the alleged victims during the dates alleged in the superseding indictment exists, then it has provided the same in the form of photographs, reports, evidence logs and bank records in its possession, relating to any such purchases during discovery.

## IX. Victim's Bank or Financial Accounts

The Government respectfully responds that it has provided any and all bank and financial

accounts in its possession to the defendant during discovery, including those with the victims' name on the accounts.

## X.  Federal and State Income Tax Returns

The Government respectfully responds that it is not in possession of any federal or state income tax returns of the alleged victims.

## XI.  Sources of Employment of the Alleged Victims

The Government respectfully responds that any and all sources of employment that is in the Government's possession, of the alleged victims, legal or illegal, during the dates of the superseding indictment, are contained within the interviews, reports, and evidence provided to the defense in discovery.

          Respectfully submitted,

          ARIANA FAJARDO ORSHAM
          UNITED STATES ATTORNEY

          By: *s/ Gregory Schiller*
          Gregory Schiller
          Assistant United States Attorney
          Court ID No. A5501906
          500 South Australian Avenue Suite 400
          West Palm Beach, Florida 33401
          (561) 209-1045
          Gregory.Schiller@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was electronically filed with the Court's CM/ECF system on October 12, 2018.

>By: *s/ Gregory Schiller*
>Assistant United States Attorney