**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. **18-CR-80053-ROSENBERG**

**UNITED STATES OF AMERICA**

vs.

**ALSTON ORLANDO LEROY WILLIAMS,**

        **Defendant.**
_____/

**UNITED STATES' RESPONSE TO DEFENDANT'S**
**MOTION TO PRESERVE TESTIMONY BY DEPOSITION**

The United States of America, by and through the undersigned counsel, hereby files its response to Defendant's Motion to Preserve Testimony by Deposition (DE 66). The government objects due to the lack of information provided in the defendant's motion and attachment, as follows:

The defendant has filed for a motion to take the deposition of D.R. who is identified as Victim 6 in the Superseding Indictment. It is alleged in Count 9, that the defendant trafficked D.R. as a juvenile from on or about July 27, 2006 through on or about July 26, 2008. It is further alleged in Count 10, that the defendant trafficked D.R. by force, fraud, or coercion as an adult from on or about December 23, 2008 through on or about December 2016.

The government had attempted to communicate with D.R. early in 2018. During this same time period, D.R., through her own counsel, had refused service of a subpoena to provide Grand Jury testimony. Through this same counsel, D.R. had advised that she would refuse to cooperate with any request, either by the government or defense counsel, to testify at trial.

On October 17, 2018, counsel for the defendant advised the government, via email, the following:

> I have spoken with [D.R.] and learned that the due date for her pregnancy is December 15th. She states that she has a high risk pregnancy and has been told by her doctor that travel during the trial period would endanger her child. In light of this, I am moving for leave to take her deposition prior to trial. She presently resides in New Jersey. I am preparing the motion and would like to determine a date when we can schedule the depo.

Counsel for the defendant provided the following dates that the defense was available to conduct the deposition in New Jersey: "10/29, 11/1, 2, 19, 20, 26 and 27." The following day, October 18, 2018, the government requested of defense counsel, via email, information from D.R.'s doctor confirming the information D.R. had provided to defense counsel. One week later, on October 25, 2018, having not received the requested information from defense counsel, the government followed up via email. The following week, on October 30, 2018, counsel for the defense emailed what is contained at DE 66-1, a letter D.R.'s midwife that D.R. is, as of 10/29/18, thirty-two weeks pregnant and unable to travel by airplane.

Assuming D.R. is in fact 32 weeks pregnant, this puts her full term (40 weeks) at approximately December 24, 2018, after the trial is expected to conclude. The defendant's motion for deposition asserts a due date of November 15, 2018; the email above provides a date of December 15, 2018. Either counsel's calculations are inaccurate or the letter from D.R's midwife was inaccurate.

The government agrees that it would not be practical or safe for D.R. to fly on an airplane to Florida for trial during the final weeks of her pregnancy, if in fact she is due with child in late December. However, contrary to defense counsel's email to the government, the letter from D.R.'s midwife does not state that she is "high risk." There is nothing in the letter suggesting that D.R.

is suffering from any complications.  Thus, the government has offered that D.R. could testify via live video-conference during the trial from a location in New Jersey.

Federal Rule of Criminal Procedure 15(a)(1) provides for the taking of a witness deposition "because of exceptional circumstances and in the interest of justice." Depositions are generally disfavored in criminal cases. *United States v. Drogoul, 1 F.3d 1546, 1551 (11th Cir. 1993), citing United States v. Milian–Rodriguez,* 828 F.2d 679, 686 (11th Cir.1987), *cert. denied,* 486 U.S. 1054, 108 S.Ct. 2820, 100 L.Ed.2d 921 (1988). Their "only authorized purpose is to preserve evidence, not to afford discovery." *Simon v. United States,* 644 F.2d 490, 498 n. 12 (5th Cir.1981).  Whether to authorize taking of depositions in criminal case is decision committed to discretion of district court which will be disturbed only for abuse of discretion.  *Drogoul, 1 F.3d at* 1552*.*

"[T]hree factors guide the exceptional circumstances analysis: whether (1) the witness is unavailable to testify at trial; (2) injustice will result because testimony material to the movant's case will be absent; and (3) countervailing factors render taking the deposition unjust to the nonmoving party." *United States v. Ramos, 45 F.3d 1519, 1522-23 (11th Cir. 1995)* (citation omitted and emphasis removed). The party seeking the deposition has the burden of establishing exceptional circumstances.  *Drogoul, 1 F.3d at 1552.*

In *United States v. Craft*, 2010 WL 2521037, the government moved to take the deposition of a key law enforcement officer who testified before the court that she was 38.5 weeks pregnant and set to be induced on the day trial was to begin.  Federal Magistrate Judge Wilson granted of the motion, stating, "there is a substantial likelihood that the witness's availability for trial will be precluded by the timing of her delivery and corresponding physical and mental recovery period. *See Duckett v. McDonough, 701 F.Supp.2d 1245, n. 6 (M.D.Fla.2010).* Furthermore, medical complications from pregnancies are not uncommon. *United States v. Dumas,* 1991 WL 274857

(E.D.Pa.1991)." *Craft* at *1.

The government does not disagree with this reasoning in the least bit. However, to date, this Court has not received testimony from D.R., an affidavit from D.R., or any information from a medical doctor that she is or perceives to be in any state of complication, or that she cannot testify via live-video conference. *See United States v. Rosenstein*, 303 F.Supp. 210, 213 (S.D.N.Y. 1969) (where defendant was permitted to take the deposition of a witness whose testimony would be relevant to determination of issues at trial and who had, in a letter to defense counsel, enclosed a medical certificate confirming arteriosclerosis and a chronic bronchitis condition preventing any travel to United States, and who had informed defense counsel that he would be willing to submit to deposition in England.) Moreover, unlike the above-cited cases, where live video-testimony was not likely practical at the time, the defense has provided no reason why this could not be accomplished. While "[c]losed-circuit television should not be considered a commonplace substitute for in-court testimony by a witness ... [u]pon a finding of exceptional circumstances ... a trial court may allow a witness to testify via two-way closed-circuit television when this furthers the interest of justice." *United States v. Gigante*, 166 F.3d 75, 81 (2d Cir. 1999).

Due to D.R.'s refusal to communicate with the government, and further statement through her counsel that she would not testify on behalf of any party during this trial, the government cannot agree to a deposition of D.R. without more substantial information from a medical doctor or sworn testimony or affidavit of her condition.

The defense has offered the weeks of November 5 (beginning two days from now), November 19 (Thanksgiving week), and November 26, 2018 (the week before trial) to conduct this deposition. Due to this recent filing of the defendant's motion, the government could not have agreed to an earlier date, despite having availability, including this past week. As indicated above,

the government repeatedly requested information from the defense about D.R. to make an informed decision on whether to agree with D.R.'s deposition.

The defense has been in contact with D.R. for at least the past 2.5 weeks, with trial set to begin in one month. As the defendant's motion was just filed, if it is grated, the government is unavailable for the deposition the week of November 5 (this week), and has previously advised the defense of unavailability the entire week of November 19, 2018.

Wherefore, the government respectfully requests that the defense motion to preserve testimony by deposition be denied without prejudice to refile and provide the necessary information to this court.

Respectfully submitted,

ARIANA FAJARDO ORSHAM
UNITED STATES ATTORNEY

By: *s/ Gregory Schiller*
Gregory Schiller
Assistant United States Attorney
Court ID No. A5501906
500 South Australian Avenue Suite 400
West Palm Beach, Florida 33401
(561) 209-1045
Gregory.Schiller@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing document was electronically filed with the Court's CM/ECF system on November 3, 2018.

                By: *s/ Gregory Schiller*
                Assistant United States Attorney