UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80053-CR-ROSENBERG/REINHART

UNITED STATES OF AMERICA

v.

ALSTON ORLANDO LEROY WILLIAMS,

    Defendant.
_____/

## GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PRESENTENCE REPORT

The United States hereby files this response to the Defendant's objections to the presentence report (DE 180) (hereinafter "PSR") and would state as follows:

Response to Objection #1.

Page two of the PSR states that the defendant's arrest date was March 12, 2017, because this was the first date he was moved into federal custody pursuant to a Writ (*see* DE 4). The defendant was arrested on related state charges on November 29, 2017.

Response to Objection #2.

In PSR paragraphs 5-6, the defendant denies the allegations of mortgage fraud. "[A] presentence report need not confine its content only to prior convictions." *United States v. Bailey*, 547 F.2d 68, 71 (8th Cir. 1976) (citing Fed. R. Crim. P 32(c)(2), now Fed. R. Crim. P. 32(d)(2)). Rule 32 of the Federal Rules of Criminal Procedure states in pertinent part: "The presentence report must also contain the following: (A) the defendant's history and characteristics, including: (i) any prior criminal record; (ii) the defendant's financial condition; and (iii) *any circumstances affecting*

1

*the defendant's behavior that may be helpful in imposing sentence* or in correctional treatment…" (Fed. R. Crim. P. 32(d)(2)(a) (emphasis added)). Further, Rule 32 requires the PSR to "identify any factor relevant to…the appropriate kind of sentence." Fed. R. Crim. P. 32(d)(1)(d). In fact, a sentencing court may even consider acquitted conduct if that conduct is established by a preponderance of the evidence. *United States v. Watts*, 519 U.S. 148, 149-56 (1997).

Response to Objection #3.

Defendant objects to the facts listed in the PSR relating to the charges for which Defendant was acquitted. As noted, *supra*, this Court can consider acquitted conduct at sentencing. "[A]n acquittal in a criminal case does not preclude the Government from re-litigating an issue when it is presented in a subsequent action governed by a lower standard of proof… The Guidelines state that it is 'appropriate' that facts relevant to sentencing be proved by a preponderance of the evidence, USSG § 6A1.3, comment, and we have held that application of the preponderance standard at sentencing generally satisfies due process." *Watts*, 519 U.S. 148, 156 (1997) (internal quotations omitted).

Response to Objection #4.

In PSR paragraph 13: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #5.

In PSR paragraph 14: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #6.

In PSR paragraph 16: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #7.

In PSR paragraph 17: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #8.

In PSR paragraph 18: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #9.

In PSR paragraphs 19, 20 and 21: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #10.

In PSR paragraph 22: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #11.

In PSR paragraph 23: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #12.

In PSR paragraph 24: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #13.

In PSR paragraph 25: the defendant objects to the testify of Victim 2 regarding the number of firearms: while two long guns were recovered from Defendant's home and one was located in Victim 2's closet, the evidence adduced at trial was that Defendant was responsible for the gun being placed there.

Response to Objection #14.

In PSR paragraphs 26: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #15.

In PSR paragraph 27: While Victim 2 did participate in recruiting Victim 3, the evidence at trial was that Victim 2, and the other victims, recruited each other at Defendant's direction.

Response to Objection #16.

In PSR paragraph 28: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #17.

In PSR paragraph 29: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #18.

In PSR paragraph 30: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #19.

In PSR paragraph 31: See *United States v. Watts*, 519 U.S. 148 (1997), *supra*, in the response to paragraph 3 of this memorandum.

Response to Objection #20.

In PSR paragraph 32: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #21.

In PSR paragraph 33: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #22.

In PSR paragraph 34: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #23.

In PSR paragraph 36: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #24.

In PSR paragraph 38: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #25.

In PSR paragraph 39: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #26.

In PSR paragraph 40: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #27.

In PSR paragraph 41: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #28.

In PSR paragraph 43: While several of the victims left Defendant's home at some points, and some left permanently, Defendant's other assertions are contradicted by the testimony at trial. If the defendant considers his controlling relationship with the victims as "remain[ing] friends," than that is contrary to the evidence at trial and the jury's finding of guilt.

Response to Objection #29.

In PSR paragraph 44: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #30.

In PSR paragraph 45: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #31.

In PSR paragraph 46: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #32.

In PSR paragraph 49: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #33.

In PSR paragraph 50: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #34.

In PSR paragraph 51: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #35.

In PSR paragraph 53: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #36.

In PSR paragraph 55: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #37.

In PSR paragraph 54: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #38.

In PSR paragraph 57: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #39.

In PSR paragraph 62: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #40.

In PSR paragraphs 64-66: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #41.

In PSR paragraphs 68-70: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #42.

In PSR paragraph 71: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #43.

In PSR paragraph 72: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #44.

In PSR paragraph 77: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #45.

In PSR paragraph 79: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #46.

In PSR paragraph 82: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #47.

In PSR paragraphs 83-86: Defendant's objections and assertions are contradicted by the physical evidence and testimony at trial.

Response to Objection #48.

In PSR paragraph 91: The adjustment for obstruction of justice is appropriate in this case, as the Defendant was found guilty of obstruction beyond a reasonable doubt in Count 11 of the Superseding Indictment.

Response to Objection #49.

In PSR paragraphs 99, 107, and 115: The defendant claims the special offense characteristic for victim injury should not apply. United States Sentencing Guidelines (USSG) states:

> (A) If the victim sustained permanent or life-threatening bodily injury, increase by **4** levels; (B) if the victim sustained serious bodily injury, increase by **2** levels; or (C) if the degree of injury is between that specified in subdivisions (A) and (B), increase by **3** levels.

USSG § 2A3.1(b)(4)(C). Here the probation department has offered, and the government agrees with, a 3-level increase in this guidelines for this special offense characteristic for each victim that the defendant was convicted of trafficking for: D.L. (PSR ¶99); G.R.L. (PSR ¶107); and D.R. (PSR ¶ 115). Based upon the testimony at trial the probation department has deduced that each of the victim's sustained injury was more than serious bodily injury, but less than permanent or life-threatening injury. USSG §1B1.1 defines "Permanent or life-threatening bodily injury" as:

> injury involving a substantial risk of death; loss or substantial impairment of the function of a bodily member, organ, or mental faculty that is likely to be permanent; or an obvious disfigurement that is likely to be permanent.

USSG §1B1.1, App.N. 1(K). USSG §1B1.1 defines "serious bodily injury" as:

> injury involving extreme physical pain or the protracted impairment of a function of a bodily member, organ, or mental faculty; or requiring medical intervention such as surgery, hospitalization, or physical rehabilitation. In addition, "serious bodily injury" is deemed to have occurred if the offense involved conduct constituting criminal sexual abuse under 18 U.S.C. § 2241 or § 2242 or any similar offense under state law.

The definition of "serious bodily injury" provides a presumption of this special offense characteristic if the defendant used "force against" the victim or "threaten[ed] or place[d] [the victim] in fear that [the victim] will be subjection to death, serious bodily injury or kidnapping." 18 U.S.C. § 2241(a)(1),(2).[1] The witnesses and victims testified to the horrific injuries sustained by each of these three victims during the course of the trial. At the very least the defendant threatened each of the victims with serious bodily injury if they would not prostitute for him, kept any of the money without remitting it to him, or disrespected him in anyway (PSR ¶¶ 22, 33, 34, 49, 60, 79. However, his physical actions went well beyond threats causing injury on many occasions. *See United States v. Lockhart*, 844 F.3d 501, 517 (5th Cir 2016) (Applying four-level enhancement to defendant's offense level for using force against victim and placing her in fear that she would be subjected to serious bodily injury was warranted, in sentencing defendant on convictions for sex trafficking by force, fraud or coercion, sex trafficking of children, conspiracy to sex traffic persons, and transportation for prostitution; record and presentence report contained multiple examples of defendant viciously beating victim, such incidents were sufficient to show that defendant used force against victim and placed her in fear that she would be subjected to serious bodily injury, and both the beatings and fear of future harm caused victim to engage in commercial sex acts.). The defendant's objections are contradicted by the evidence and testimony at trial.

Response to Objection #50.

In PSR paragraph 129: The Defendant's objections are noted, but as provided in the PSR, he plead guilty to these offenses.

---

[1] It should be noted that the defendant has not objected to the special offense characteristic in PSR ¶¶ 98, 106, 114 which increase the guidelines by 4 levels because the offense involved conduct in 18 U.S.C. § 2241(a) or (b).

Response to Objection #51.

In PSR paragraph 130: The Defendant's objections are noted, but as provided in the PSR, he plead guilty to these offenses.

Response to Objection #52.

In PSR paragraph 155:

Mr. Williams denies that he has been physically abusive toward Rachael Jimenez. He further denies that he tazed her or their two adult children (when they were minors). All three have provided audio statements that these horrific incidents occurred, which has been provided to the defense in discovery (DE 28:2).

Response to Objection #53.

Re: paragraph 156: Defendant's objection states "Mr. Williams did not reside with [Victim 6] at the time of his arrest." Paragraph 156 does not say that Mr. Williams lived with Victim 6 at that time, but rather that Victims 2 and 3 lived with him.

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By: *s/ Justin Hoover*
    Justin Hoover
    Spec. Assistant United States Attorney
    Florida Bar #: 092450
    500 South Australian Avenue
    Suite 400
    West Palm Beach, Florida 33401
    Phone: (561) 355-7396
    Email: jhoover@sa15.org

By: *s/ Gregory Schiller*
    Gregory Schiller
    Assistant United States Attorney
    Court ID No. A5501906
    500 South Australian Avenue
    Suite 400
    West Palm Beach, Florida 33401
    Phone: (561) 209-1045
    Gregory.Schiller@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 16, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                                            s/*Gregory Schiller*
                                            Gregory Schiller
                                            Assistant United States Attorney