IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 18-CR-80053-RLR

UNITED STATES OF AMERICA

v.

ALSTON ORLANDO LEROY WILLIAMS,

Defendant

## GOVERNMENT'S REPLY TO DEFENDANT'S RESPONSE TO THE AMENDED MOTION FOR RESTITUTION

The United States of America, by and through the United States Attorney for the Southern District of Florida, hereby replies to the Defendant's Response to the Government's Amended Motion for Restitution (DE 270). Williams does not contest that Victims 1 and 3 are entitled to restitution. His objections are based upon: 1) Victim 6 allegedly refusing restitution; and 2) the amount requested by the government for victims 1, 3 and 6 is too high.

First, regarding Victim 6, the defendant claims to be in possession of knowledge that Victim 6 declines any restitution award. The government maintains the restitution request, and but for a sworn statement or testimony of Victim 6, this Court is obligated to order restitution pursuant to 18 U.S.C. § 1593(b)(1), et seq.

Williams cites *United States v. Bane*, 720 F.3d 818 (11th Cir. 2013) to support his argument. However, *Bane* does not address this argument. In *Bane,* the Eleventh Circuit dealt with the issue of whether medically necessary goods provided by a defendant should be offset from the restitution award to the victims. *Id*. at 827. The Court held that if there were any offset, the burden rests with the defendant. *Id.* at 829, citing *United States v. Bryant,* 655 F.3d 232, 254 (3rd Cir. 2011); *United States v. Elson*, 577 F.3d 713, 734 (6th Cir. 2009); and *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998).

1

The government is unaware of any statutory or judicial framework that would prevent this Court from issuing a restitution order in favor of Victim 6, where restitution is supported in the evidence and the jury convicted the defendant in favor of Victim 6.

Second, Williams asserts that this Court must offset the victim's restitution award "by the living expenses that were provided by the defendant over the course of the convicted counts." (DE 280:2).  Williams bases this request on the case in this district in which the government previously conceded to an approximately $500 per week offset.  *See United States v. Baston*, 818 F.3d 651 (11th Cir. 2016).

In *Baston,* the government requested restitution for five victims, providing five separate attachments as to the restitution calculous.  *United States v. Baston*, 13-CR-20914-CMA, DE 158, 158-1, 158-2, 158-3, 158-4, 158-5, *filed* December 8, 2014, *Government's Notice of Requests for Restitution Pursuant to 18 U.S.C. § 1593 and attachments (hereinafter* "Baston DE 158"*)*.  In each of these attachments, the government calculated the weekly proration that the defendant would have spent on the victims.  Specifically, for the two American victims (see *Id. attachments 2 and 3*), the government estimated approximately $500 per week in expenses that the victims received. This "offset" was based upon the government's use of the Economic Policy Institute's Family Budget Calculator.  *Id., attachments 2 and 3.*  The government in *Baston* appeared to offer the living expenses offset out of an abundance of caution.  The government stated that it was being conservative in its restitution requests, just as the government is being conservative here by asking for significantly less than the full amount received by Williams.  *See id. at 13* (where the government noted to the Court that its suggested restitution offset excluded "periods when the victims themselves said they didn't work, for example, when TJM said she did not work during the travel to Jamaica and by including an estimate for living expenses.").  This was not the case

involving Williams' victims. The restitution request in this case contemplates only the money the defendant took from them. The governments one-third reduction as to Victim 1, already contemplates any time she may not have worked during the convicted periods. The governments one-half reduction as to Victim 6, likewise contemplates for the time she may have not been working for the defendant. There is no recommended reduction for Victim 3 because the time periods she was forced to prostitute was only several months long and without interruption. Any further living expense offset is not mandated by statute or any case law.

*Baston* does not specifically affirm the offset provided by the government, other than to note that, "[t]he district court calculated these [restitution] amounts based on worksheets provided by the government, which multiplied the hours that the victims prostituted for Baston by the amounts that they charged and then subtracted their estimated living expenses." *Baston*, 818 F.3d at 660. In fact, the holding in *Baston* has nothing to do with an offset to the victims, where the case decided matters of restitution for crimes committed outside the United States. *See generally*, *id.*

There is also a reference to an offset in *United States v. Cortes-Castro*, 511 Fed. App'x 942 (11th Cir. 2013). In *Cortes-Castro*, the Court noted, in dicta, that the government's request for restitution was equal to "the profit derived from [the victim's] forced prostitution, plus any specific damages, and *less any compensation received*." *Cortes-Castro*, 511 Fed. App'x at 946 (emphasis added). In reviewing the government's memorandum on restitution, the filing is devoid of any offset calculation towards the restitution amount. *See generally, United States v. Cortes-Castro*, 11-CR-20005-Gold (DE 204). At the hearing on the question of restitution, the government noted specific offsets based solely on money that the victims were allowed to keep. *See Id*. at 8-12. The offset *was not* based upon the defendant providing transportation, food or

housing to the victims.  The offset was based upon actual money that was given to the victims or sent to their families.  The Court adopted the government's restitution request without any analysis on the offset offered by the government.  *Id.* at 40-43.

In *Baston*, the government wrote that their restitution request included "a generous estimate of weekly living expenses for reach victim, which are tailored to the locations where the victims respectively spent the most time with the defendant." *Baston* DE 158:7, *citing Cortes-Castro*, 511 Fed. App'x at 946 and summarizing the case as, "affirming restitution awards that were based upon a calculation that excluded any 'compensation received' by the victims."  But again, the reason for the offset in *Cortes-Castro* is very different than the facts in our case. [1]

Williams, in his citation of *Baston*, notes, "the district court calculated, and the Eleventh Circuit approved of, such an offset in a similar sex trafficking case."  This is not an accurate statement of the facts or law.  It was the government's motion that created the offset, s*ee Baston* DE 158, Attachment 2 and 3, and it was the government's reply in support of its motion that reiterated its allowance for the victims' living expenses.  *See Baston* DE 171:21.  The holding in both *Cortes-Castro* and *Baston* have nothing to do with the restitution offset.  It is dicta and not controlling on this Court even if did apply.  Williams in this case wishes to create an offset of restitution, which would essentially punish the victims for being forced to live with the defendant and forced to prostitute for the defendant.

---

[1] Even assuming arguendo, that the loss offset calculation of *Baston* is to be applied to the victims in the case at bar, it is the government's position that there would be a $0 offset.  The government in *Baston* relied upon the Economic Policy Institute's Family Budget Calculator (see https://www.epi.org/resources/budget/ to calculate the offset.  The calculator creates a monthly expense total based upon the following categories: 1) housing; 2) food; 3) transportation; 4) health care; 5) other necessities; and 6) taxes.  None of these expenses can be offset in the case at bar where the victims were not provided any portion of their earnings.  Any of these items provided by Williams were exclusively for his gain and from the victim's proceeds.

## CONCLUSION

Wherefore, the United States moves this Court to order Williams to pay restitution amounts as originally requested, pursuant to 18 U.S.C. § 1593 as to Victim 1, in the amount of $522,600, as to VICTIM 3, in the amount of $30,000, and as to VICTIM 6 in the amount of $221,000, and deny any offset. The total amount of restitution owed is conservatively $773,600.

ARIANA FAJARDO ORSHAN
United States Attorney

*/s/ Gregory Schiller*
Gregory Schiller
Assistant United States Attorney
FL Bar No. 0648477
500 S. Australian Ave., Suite 400
West Palm Beach, FL 33041
P: 561-209-1045
E: Gregory.Schiller@usdoj.gov

*/s/ Justin Hoover*
Justin Hoover
Assistant United States Attorney
FL Bar No. 092450
101 South U.S. 1, Suite 3100
Ft. Pierce, FL 34950
P: 772-293-0943
E: Justin.Hoover@usdoj.gov

CERTIFICATE OF SERVICE

This certifies that this amended motion have, this 24 day of July 2019, been electronically filed in the CMECF system.

*/s/ Gregory Schiller*
Gregory Schiller
Assistant United States Attorney


*/s/ Justin Hoover*
Justin Hoover
Assistant United States Attorney