UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-80053-CR-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALSTON ORLANDO LEROY WILLIAMS,

    Defendant.
_____/

## ORDER DISMISSING MOTION FOR AN ADVISORY OPINION

THIS MATTER comes before the Court on *pro se* Defendant Alston Orlando Leroy Williams's Motion to File a Second or Successive 2255 Motion, which the Court construes as a Motion for an Advisory Opinion [DE 314]. For the reasons explained below, Defendant's Motion is **DISMISSED**.

On August 2, 2018, a grand jury charged Defendant with eleven counts of sex trafficking [DE 25]. A jury then found Defendant guilty of six of the eleven counts [DE 160]. Based on these findings of guilt, the Court sentenced Defendant to life imprisonment as to five counts and 240 months imprisonment as to the remaining count—all sentences run concurrently [DE 204]. After sentencing, Defendant filed a Notice of Appeal with the Eleventh Circuit Court of Appeals [DE 207]. The Eleventh Circuit ultimately issued an opinion affirming Defendant's convictions and sentence [DE 312]. Defendant now files a Motion for an Advisory Opinion [DE 314]. In that Motion, Defendant writes: "I'm writing to ask since I am past my 1 year deadline for filing a 2255. Am I required to seek permission to file a second or successive 2255 asserting actual innocence[?]" [DE 314].

Article III of the United States Constitution confers jurisdiction on the district courts to hear and determine "cases" or "controversies." U.S. Const. Art. III, 2. Federal courts are not permitted to rule upon questions that are hypothetical or which do not affect the rights of the parties in the case before the court. *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477 (1990). This is because courts do not sit to render advisory opinions. *North Carolina v. Rice,* 404 U.S. 244, 246 (1971). An actual controversy must exist at all times when the case is pending. *Steffel v. Thompson,* 415 U.S. 452, 459 n. 10 (1974).

Here, there is no case or controversy. Instead, Petitioner uses this motion to seek the legal advice of the Court. Since the Court cannot issue an advisory opinion, Defendant's Motion is due to be dismissed. *See, e.g., Miller v. F.C.C.*, 55 F.3d 1140, 1145 (11th Cir. 1995) ("The prohibition on advisory opinions is a logical corollary of the case or controversy requirement. 'Thus, no justiciable controversy is presented . . . when the parties are asking for an advisory opinion. . . .'" (quoting *Flast v. Cohen*, 392 U.S. 83, 95, (1968))).

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Defendant's Motion for an Advisory Opinion is **DISMISSED**.
2. This case shall remain **CLOSED**.

**DONE AND ORDERED** in Chambers in West Palm Beach, Florida, this 9th day of January 2023.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc: Alston Orlando Leroy Williams
17260-104
Coleman I-USP
United States Penitentiary
Inmate Mail/Parcels
Post Office Box 1033

Coleman, FL 33521
PRO SE